UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
CDR-WANTAGH, INC. and CHRISTINE D.
RIVERA, Individually and as Trustee for the
benefit of James Delyanis,

        Plaintiffs,                                  **MEMORANDUM AND ORDER**
                                                            07-CV-4497 (DRH) (ETB)
        - against -

SHELL OIL COMPANY and
MOTIVA ENTERPRISES LLC,

        Defendants.
----------------------------------------------------------X

**APPEARANCES:**

**ROSENBERG CALICA & BIRNEY LLP,**
Attorneys for Plaintiffs
100 Garden City Plaza
Suite 408
Garden City, New York 11530
By: Robert M. Calica, Esq.
    Megan F. Carroll, Esq.

**EPSTEIN BECKER & GREEN P.C.**
Attorneys for Defendants
250 Park Avenue
New York, New York 10177-1121
By: William A. Ruskin, Esq.
    Victoria Sloan, Esq.

**HURLEY, Senior District Judge:**

      Following a bench trial of this breach of contract action, the Court issued Findings of Fact and Conclusions of Law on December 20, 2011 (the "Order"), and concluded that "[p]laintiffs have failed to establish their breach of contract claim against Shell as alleged in their first cause of action." (Order at 34.)[1] Plaintiffs' second cause of action, which was "predicated on the

---

      [1] The Order referred to defendants Shell Oil Company and Motiva Enterprises LLC, collectively, as "Shell." (Order at 1 & n.1.) This Memorandum & Order will do the same.

purported delays in Shell obtaining the [No Further Action Letter], thereby delaying plaintiffs' receipt of rental payments from North Fork," was deemed withdrawn. (*Id.*) At the conclusion of the Order, the Court noted that the sole remaining issue involved "the question of attorney's fees to Shell as the prevailing party pursuant to Article 30 of the 1996 Lease." (*Id.*) The Court directed Shell to submit any application for attorney's fees on or before January 29, 2012, and further stated: "Once the issue of attorney's fees is resolved, judgment will be entered in favor of defendants as to the two causes of action set forth in the Complaint." (*Id.* at 34-35.)

On December 27, 2011, plaintiffs filed a Notice of Appeal from the Order. Presently before the Court is plaintiffs' letter application requesting that this Court "defer consideration of defendants' application for attorneys' fees[ ] pending the outcome of plaintiffs' appeal." (Pls.' Dec. 29, 2011 Letter at 1.) First, plaintiffs assert that the Order "is a 'final' order which is appealable 'as of right,' because it finally disposes of all claims with the sole exception of attorneys' fees." (*Id.* (internal citation omitted).) According to plaintiffs, "it is well established that courts may defer consideration of attorneys' fees . . . until after the appeal on the merits is decided." (*Id.* at 1-2.) Finally, plaintiffs point to the "inequality of power between the parties," and contend that while plaintiffs will suffer "tremendous financial loss and hardship" if they are required to pay attorney's fees before the appeal is decided, there would not be "any conceivable prejudice [to Shell] if the ruling on attorneys' fees is deferred pending the outcome of the appeal." (*Id.* at 2.)

Shell opposes plaintiffs' request and argues, as an initial matter, that the Notice of Appeal was filed prematurely because "[n]o judgment has been entered on this docket." (Defs.' Dec. 30, 2011 Letter at 2 (citing Fed. R. Civ. P. 52(a)).) Shell additionally asserts that "[p]ermitting the

Fee Application to proceed increases the likelihood that a decision will be reached prior to consideration by the Second Circuit, and greatly decrease[s] the chance of a piecemeal appeal." (*Id.* at 1.) Finally, Shell argues that plaintiffs' assertions about the merits of their appeal and the purported "inequality of power" between the parties are both incorrect and irrelevant to the question of whether the Court should defer consideration of Shell's fee application. (*Id.* at 2.)

Preliminarily, the Court notes that the question of whether the Order constitutes a "final decision[ ]" that is appealable to the Second Circuit pursuant to 28 U.S.C. § 1291 is not properly before this Court. However, after reviewing the parties' submissions and the legal authority cited therein, the Court agrees with plaintiffs' position and, in the exercise of its discretion, will defer any consideration of Shell's application for attorney's fees until after the appeal is decided. *See* Fed. R. Civ. P. 54 advisory committee's note ("If an appeal on the merits of the case is taken, the court may rule on [a] claim for [attorney's] fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved.") Upon further reflection, the Court finds that interests of judicial efficiency and economy in deferring the calculation of attorney's fees until after resolution of an appeal on the merits strongly outweigh any resulting prejudice such deferral may cause to Shell. If the Second Circuit reverses this Court's determination that Shell is the prevailing party, Shell would no longer be entitled to attorney's fees pursuant to Article 30 of the Lease. In fact, it is possible that after the Circuit resolves the appeal, *plaintiffs* might become entitled to an award of attorney's fees, thereby necessitating an entirely new motion for attorney's fees and rendering void any decision on Shell's present fee application.

In view of the foregoing, the Court has *sua sponte* reconsidered that portion of the Order

that deferred entry of judgment pending the calculation of attorney's fees, *see* Fed. R. Civ. P. 52 & 58, and hereby directs the Clerk of the Court to enter judgment in accordance with the Court's December 20, 2011 Findings of Fact and Conclusions of Law. The case is not, however, to be marked closed because the issue of attorney's fees remains to be resolved. To that end, the parties are directed to notify the Court within fourteen (14) days of the Second Circuit's decision on plaintiffs' appeal. At that time, the Court will set a briefing schedule for any appropriate motion for attorney's fees by the prevailing party.

**SO ORDERED.**

Dated: Central Islip, New York
January 5, 2012

/s/
Denis R. Hurley
Unites States District Judge